IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLIE D. HAWKINS, | § | |
| | § | |
| Plaintiff-Counterdefendant, | § | |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, N.A., | § | Civil Action No. 3:25-CV-0201-D |
| | § | |
| Defendant-Counterplaintiff-<br>Third-Party Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| CINDY JO HAWKINS, | § | |
| | § | |
| Third-Party Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of *pro se* plaintiff-

counterdefendant Charlie D. Hawkins' ("Hawkins'") residential property, the court addresses

four motions: (1) the April 2, 2025 motion of defendant-counterplaintiff-third-party plaintiff

Wells Fargo Bank, N.A. ("Wells Fargo") to strike Hawkins' answer; (2) Wells Fargo's April

9, 2025 second motion to dismiss; (3) Wells Fargo's April 21, 2025 motion for continuance;

and (4) Hawkins' May 16, 2025 second motion to dismiss under Rule 12(b)(6).[1]  For the

reasons explained, the court denies as moot Wells Fargo's April 2, 2025 motion to strike

---

[1]Two other motions are pending and remain to be decided: (1) Hawkins' motion for summary judgment, and (2) Wells Fargo's motion for leave to file amended counterclaim and third-party complaint.  These motions will be decided in due course after they become ripe.

Hawkins' answer; grants Wells Fargo's April 9, 2025 second motion to dismiss; grants Wells Fargo's April 21, 2025 motion for continuance; and denies Hawkins' May 16, 2025 second motion to dismiss under Rule 12(b)(6).

I

In March 1993 Hawkins and his then-wife, third-party defendant Cindy Jo Hawkins ("Cindy Jo"), purchased real property located in Rowlett, Texas (the "Property").[2]  On February 10, 2006 Hawkins and Cindy Jo refinanced the Property, obtaining a home equity loan ("Loan") in the amount of $181,532.00.  In connection with the Loan, Hawkins and Cindy Jo executed a Texas Home Equity Note ("Note") and Texas Equity Deed of Trust ("Deed of Trust") in favor of World Savings Bank, FSB ("World Savings").  Wells Fargo is the successor-in-interest to the Loan by virtue of a name change and merger.[3]

In 2017, after Hawkins allegedly failed to make agreed-upon Loan payments, Wells Fargo sought to foreclose on the Property.  In an attempt to resist foreclosure, Hawkins sued Wells Fargo in state court ("2017 Lawsuit"), alleging that the foreclosure was precluded by

---

[2]In deciding Wells Fargo's Fed. R. Civ. P. 12(b)(6) motion, the court construes the amended complaint in the light most favorable to Hawkins, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Hawkins' favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[3]Wells Fargo maintains that, in December 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB ("Wachovia") and that in November 2009, Wachovia merged into Wells Fargo.

the statute of limitations. The state court, on January 23, 2019, entered a final judgment that allowed the foreclosure to proceed.

On April 28, 2022 Hawkins filed another lawsuit in state court ("2022 Lawsuit"), this time alleging, *inter alia*, that the Loan violated the Texas Constitution and should be declared invalid. By order dated December 20, 2023, the state court granted summary judgment on Hawkins' claims and dismissed the 2022 Lawsuit with prejudice. Hawkins did not appeal the state-court summary judgment.

The instant lawsuit ("2024 Lawsuit") followed. In his amended complaint,[4] which is the operative pleading, Hawkins seeks to prevent Wells Fargo's non-judicial foreclosure sale of the Property, alleging, *inter alia*, that the Deed of Trust is void and that Wells Fargo does not have authority to collect on the Note.

The court now decides four pending motions on the briefs, without oral argument.

## II

The court begins by addressing Wells Fargo's second motion to dismiss. Wells Fargo moves to dismiss Hawkins' claims alleged in the 2024 Lawsuit on the basis of res judicata.

### A

"The doctrine of *res judicata*, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). To

---

[4]Hawkins labeled his amended complaint an "amended petition."

determine the preclusive effect of a state-court judgment, a federal court sitting in diversity looks to the law of the state that rendered the judgment. *See Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)); *see also Migra*, 465 U.S. at 81 ("A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). Under Texas law, "a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (citing *Barr v. Resol. Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992)). To establish that a claim is barred by res judicata, the party asserting the doctrine must prove three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

B

Wells Fargo contends that all of the required elements of its res judicata affirmative defense are established: the state-court summary judgment order dismissing the 2022 Lawsuit with prejudice constituted a final judgment on the merits entered by a court of competent jurisdiction, the 2022 and 2024 Lawsuits involve identical parties, and the 2022 and 2024 Lawsuits involve the same nucleus of operative facts as well as similar claims for relief.

Regarding the third element, Wells Fargo contends that the 2022 and 2024 Lawsuits both center on the Loan; involve alleged defects in the closing of the Loan in 2006; and seek a declaration that the Loan documentation and mortgage lien are void, forfeiture of principal and interest on the Loan, and to preclude the remedy of foreclosure on the Loan. In addition, Wells Fargo maintains that all of the operative facts asserted in the 2024 Lawsuit necessarily arose before the final judgment in the 2022 Lawsuit.

Hawkins does not respond to this ground of Wells Fargo's motion to dismiss.

C

"Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982)). This is such a case. The court therefore holds that Wells Fargo is entitled to dismissal of Hawkins' claims under Rule Fed. R. Civ. P. 12(b)(6) because the "res judicata bar is apparent from the complaint and judicially noticed facts[.]" *Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc*., 128 F.4th 657, 661 (5th Cir. 2025); *see also Stevens v. Nationstar Mortg., L.L.C.*, 765 Fed. Appx. 105, 106 (5th Cir. 2019) (per curiam) ("Dismissal on the pleadings is appropriate if the res judicata bar is apparent on the face of the pleadings.").[5]

---

[5]"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 338 (5th Cir. 2008)

Comparing Hawkins' petition in the 2022 Lawsuit, his amended complaint in this case (the 2024 Lawsuit), and the decision of the Texas court in the 2022 Lawsuit, it is undisputed that (1) the parties are identical; (2) the judgment in the 2022 Lawsuit was a final judgment on the merits rendered by a court of competent jurisdiction; and (3) the 2024 Lawsuit is based on the same claims as were raised or could have been raised in the 2022 Lawsuit. In the 2022 Lawsuit, Hawkins sought to have the Deed of Trust declared void ab initio on the basis of alleged fraud, and he denied having signed the Deed of Trust. The instant lawsuit, in which Hawkins alleges that the 2006 Loan application was "forged with someone[']s information other than the borrowers," Am. Pet. at 2, arises out of the same nucleus of operative facts.[6] Hawkins could have asserted in the 2022 Lawsuit all of the claims that he now brings in the instant, 2024 Lawsuit.

Accordingly, the court holds that Hawkins' claims in the present case are barred by res judicata, and it grants Wells Fargo's motion to dismiss Hawkins' claims asserted against

_____

(citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006)). "A court is permitted, however, to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Additionally, "[f]ederal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *see also Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008) (per curiam) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." (citation omitted)).

[6]To the extent that Hawkins bases his claims on the allegation that Michael Lara committed perjury in connection with judicial proceedings in 2009, he could also have brought these claims in the 2022 Lawsuit, which specifically referenced a 2009 lawsuit filed by the lienholder seeking to enforce the mortgage.

it with prejudice.[7]

D

In its motion to dismiss, Wells Fargo requests that the court permanently enjoin Hawkins from filing any other suits relating to matters arising out of the Property, the foreclosure sale of the Property, and/or eviction from the Property against Wells Fargo or any contractor or employee of Wells Fargo, unless Hawkins retains a licensed attorney to represent his interests.  In the alternative, Wells Fargo moves for a pre-filing injunction requiring Hawkins to seek leave of this court and provide a copy of the proposed complaint, petition, or other pleading before filing any future action against Wells Fargo.  The court denies the request at this time.

Although Wells Fargo has filed counterclaims for damages and declaratory relief against Hawkins, it appears to rely on this court's inherent authority in seeking an injunction. This court usually exercises such authority only after warning a vexatious litigant of the consequences of future conduct.  *See Davillier v. Sw. Secs., FSB*, 2012 WL 6049014, at *4 (N.D. Tex. Dec. 5, 2012) (Fitzwater, C.J.).  No such warning has been given.  Accordingly, the court denies Wells Fargo's request for an injunction.  But the court warns Hawkins that filing further litigation against Wells Fargo relating to matters arising out of the Property, the foreclosure sale of the Property, and/or eviction from the Property may subject him to

---

[7]Because the court concludes that Hawkins' claims in the 2024 Lawsuit are barred by the doctrine of res judicata, it does not address Wells Fargo's other grounds for dismissal.

sanctions.[8]

III

On May 16, 2025 Hawkins filed a motion entitled "Dismiss second request dismiss under 12(b)(6)."  In the motion, Hawkins appears to request that the court deny Wells Fargo's second motion to dismiss.  He also appears to request that the court dismiss Wells Fargo's counterclaims.

The court has already explained *supra* at § II why Wells Fargo is entitled to dismissal under Rule 12(b)(6) based on the doctrine of res judicata.  It therefore denies Hawkins' motion to the extent he seeks by this motion to oppose Wells Fargo's motion to dismiss.  And Hawkins has not otherwise demonstrated why he is entitled to dismissal of Wells Fargo's counterclaims: he has not coherently provided any grounds for dismissal.

Accordingly, Hawkins' May 16, 2025 second motion to dismiss under Rule 12(b)(6) is denied.

IV

A

Wells Fargo's April 2, 2025 motion to strike Hawkins' answer is denied as moot. Wells Fargo moves under Rule 12(f) to strike Hawkins' answer to its counterclaims on the ground that the answer fails to comply with the requirements of Rule 8(b). The day after

---

[8]This is at least the third lawsuit that Hawkins has filed against Wells Fargo in an attempt to forestall foreclosure on the Loan.  And in granting summary judgment in the 2022 Lawsuit, the Texas court already put Hawkins on notice that the doctrine of res judicata barred his claims related to the Loan.  *See* D. App. (ECF No. 31) at 122.

- 8 -

Wells Fargo filed the motion, Hawkins filed an "Amended Answer to the Complaint." In light of Hawkins' filing, the court denies Wells Fargo's motion as moot.

B

Wells Fargo's April 21, 2025 motion for continuance is granted. Wells Fargo filed a motion under Rule 56(d) seeking an extension of the deadline to respond to Hawkins' motion for summary judgment until no sooner than 21 days after the court rules on Wells Fargo's April 9, 2025 second motion to dismiss. Hawkins has not responded to this motion, and the deadline for doing so has now expired. Accordingly, treating Wells Fargo's motion as unopposed, the court grants it. Wells Fargo's response to Hawkins' March 28, 2025 motion for summary judgment is now due 21 days from the date this memorandum opinion and order is filed.[9]

*     *     *

Accordingly, for the reasons explained, the court denies as moot Wells Fargo's April 2, 2025 motion to strike Hawkins' answer; grants Wells Fargo's April 9, 2025 second motion to dismiss; grants Wells Fargo's April 21, 2025 motion for continuance; and denies Hawkins'

---

[9]To the extent that Hawkins seeks summary judgment as to claims that have now been dismissed, that portion of his summary judgment motion is moot, and Wells Fargo need not respond to it.

May 16, 2025 second motion to dismiss under Rule 12(b)(6).

      **SO ORDERED**.

      May 21, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE