IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLIE D. HAWKINS, § | |
| § | |
| Plaintiff-Counterdefendant, § | |
| § | |
| VS. § | |
| § | |
| WELLS FARGO BANK, N.A., § | Civil Action No. 3:25-CV-0201-D |
| § | |
| Defendant-Counterplaintiff- § | |
| Third-Party Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| CINDY JO HAWKINS, § | |
| § | |
| Third-Party Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of *pro se* plaintiff-counterdefendant Charlie D. Hawkins' ("Hawkins'") residential property, the court addresses three pending motions: (1) Hawkins' March 28, 2025 motion for summary judgment; (2) defendant Wells Fargo Bank, N.A.'s ("Wells Fargo's") May 14, 2025 motion for leave to file amended counterclaim and third-party complaint; and Hawkins' June 23, 2025 motion for reconsideration. For the reason explained, the court grants Wells Fargo's motion for leave to file amended counterclaim and third-party complaint, denies Hawkins' motion for reconsideration, and denies Hawkins' motion for summary judgment.

I

The court assumes the parties' familiarity with its memorandum opinion and order in *Hawkins v. Wells Fargo Bank, N.A.* (*Hawkins I*), 2025 WL 1457189 (N.D. Tex. May 21, 2025) (Fitzwater, J.), and recounts only the facts and procedural history necessary to understand the present decision.

Hawkins sued Wells Fargo in state court in 2017 ("2017 Lawsuit"), alleging that Wells Fargo was barred under the statute of limitations from foreclosing on Hawkins' home equity loan ("Loan"). On January 23, 2019 the state court entered a final judgment that allowed the foreclosure to proceed. On April 28, 2022 Hawkins filed another lawsuit in state court ("2022 Lawsuit"), this time alleging, *inter alia*, that the Loan violated the Texas Constitution and should be declared invalid. By order dated December 20, 2023, the state court granted summary judgment on Hawkins' claims and dismissed the 2022 Lawsuit with prejudice. Hawkins did not appeal the state-court summary judgment.

The instant lawsuit ("2024 Lawsuit") followed. In his amended complaint, Hawkins seeks to prevent Wells Fargo's non-judicial foreclosure sale, alleging, *inter alia*, that the deed of trust is void and that Wells Fargo lacks authority to collect on the note. Wells Fargo asserts counterclaims against Hawkins and third-party claims against Hawkins' former wife, Cindy Jo Hawkins, for judicial foreclosure of mortgage lien, trespass to try title based on vendor's lien and superior legal title, and declaratory judgment.

On March 28, 2025 Hawkins filed a motion for summary judgment, and on May 14, 2025 Wells Fargo filed a motion for leave to file an amended counterclaim and third-party

complaint. While these motions were pending, the court issued its memorandum opinion and order in *Hawkins I*, which, *inter alia*, granted Wells Fargo's motion to dismiss Hawkins' amended complaint on res judicata grounds and granted Wells Fargo's motion for a continuance under Fed. R. Civ. P. 56(d). *Id.* at *3, 4. On June 11, 2025 Wells Fargo filed its response to Hawkins' motion for summary judgment. On June 23, 2025 Hawkins filed a motion for reconsideration of the court's memorandum opinion and order in *Hawkins I*. Wells Fargo opposes Hawkins' motion.

The three motions the court is deciding today—Hawkins' motion for summary judgment, Wells Fargo's motion for leave to file an amended counterclaim and third-party complaint, and Hawkins' motion for reconsideration—are now ripe for decision. The court is deciding the motions on the briefs, without oral argument.

II

The court begins with Wells Fargo's motion for leave to file an amended counterclaim and third-party complaint. Wells Fargo seeks to amend the pleadings in order to add a request that the court issue injunctive relief limiting Hawkins from filing additional lawsuits in the future against Wells Fargo, including claims involving the property that is the subject of the instant lawsuit. Hawkins has not responded to Wells Fargo's motion.

Because Wells Fargo filed the instant motion by the deadline established in the scheduling order,* the jurisprudence of Rule 15(a), rather than Rule 16(b)(4), applies. *See*

---

*Under the court's March 7, 2025 scheduling order, the deadline for filing a motion for leave to amend pleadings was May 15, 2025.

*Utica Mut. Ins. Co. v. Hanover Ins. Co.*, 2024 WL 4703089, at *7 (N.D. Tex. Nov. 5, 2024) (Fitzwater, J.) (citation omitted). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). "[T]he district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (collecting cases). "When, as here, [a] part[y] file[s] a motion for leave to amend by the court ordered deadline, there is a 'presumption of timeliness.'" *Carmack v. Park Cities Healthcare, LLC*, 2017 WL 6025264, at *2 (N.D. Tex. Dec. 5, 2017) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)).

    Applying the lenient Rule 15(a)(2) standard, the court concludes in its discretion that Wells Fargo's motion for leave to file an amended counterclaim and third-party complaint should be granted. Wells Fargo did not unduly delay in moving for leave to amend because filing by the deadline creates a presumption of timeliness and Hawkins has not rebutted that presumption. Moreover, Hawkins does not assert, and the court has not found, any indications of undue prejudice, bad faith, dilatory motive, futility, or failure to cure past

deficiencies.

Accordingly, the court grants Wells Fargo's motion for leave to file an amended counterclaim and third-party complaint.

III

The court next considers Hawkins' motion for reconsideration, which it will assume Hawkins intends to bring under Rule 60(b).

A

Under Rule 60(b), a district court may grant relief from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The court may also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam).

B

In support of his motion, Hawkins appears to challenge the August 2010 order of sale issued under Tex. R. Civ. P. 736, contending that the state "court's determination of whether to grant or deny the application [under Tex. R. Civ. P. 736] is not intended to be a binding adjudication of the merits of any disputes between a lender and a borrower." P. Br. (ECF No. 43) at 2. But as Wells Fargo correctly points out in its response, Hawkins already challenged this same order of sale in its 2022 Lawsuit. The court concluded in *Hawkins I* that "the 2024 Lawsuit is based on the same claims as were raised or could have been raised in the 2022 Lawsuit," that "Hawkins could have asserted in the 2022 Lawsuit all of the claims that he now brings in the instant, 2024 Lawsuit," and that "Hawkins' claims in the present case are barred by res judicata." *Hawkins I*, 2025 WL 1457189, at *3. Hawkins has not provided the court with any reason to reconsider its decision in *Hawkins I*. Accordingly, Hawkins' motion for reconsideration is denied.

IV

The court now turns to Hawkins' motion for summary judgment.

A

When a summary judgment movant will not have the burden of proof on a claim at trial, he can obtain summary judgment by pointing to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once he does so, the nonmovant must go beyond its pleadings and designate specific facts to demonstrate that there is a genuine issue of material fact for trial. *See id.* at 324;

*Little*, 37 F.3d at 1075. An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen LandCare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

When the summary judgment movant will have the burden of proof on a claim or defense, however, the movant "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that the movant is entitled to judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

B

It is unclear whether Hawkins intends to move for summary judgment on his own claims or whether he intends instead to move for summary judgment on Wells Fargo's counterclaims. To the extent that Hawkins intends to move for summary judgment on his

own claims, the court denies the motion as moot. *See, e.g.*, *Hawkins I*, 2025 WL 1457189, at *4 n.9 ("To the extent that Hawkins seeks summary judgment as to claims that have now been dismissed, that portion of his summary judgment motion is moot, and Wells Fargo need not respond to it.").

To the extent that Hawkins intends instead to move for summary judgment on Wells Fargo's counterclaims, the court holds that Hawkins has not sufficiently discharged his initial summary judgment burden. He has not pointed to the absence of evidence to support any of Wells Fargo's counterclaims. *Celotex Corp.*, 477 U.S. at 325. In addition, to the extent that he relies on the affirmative defenses of fraudulent concealment, unclean hands, and the statute of limitations to defeat Wells Fargo's counterclaims, he has not established beyond peradventure that he is entitled to judgment as matter of law with respect to these affirmative defenses. *Bank One, Tex., N.A.*, 878 F. Supp. at 962 (quoting *Fontenot*, 780 F.2d at 1194). Nor could he. The court has already concluded that the doctrine of res judicata bars Hawkins from relying these claims (or, in the context of Wells Fargo's counterclaims, affirmative defenses), which he either raised or could have raised in the 2022 lawsuit. *Hawkins I*, 2025 WL 1457189, at *3.

Accordingly, court denies Hawkins' motion for summary judgment.

\* \* \*

For the reasons explained, the court grants Wells Fargo's motion for leave to file amended counterclaim and third-party complaint, denies Hawkins' motion for reconsideration, and denies Hawkins' motion for summary judgment. The clerk of court is

directed to file the first amended counterclaim and third-party complaint docketed as exhibit 1 to Wells Fargo's motion at ECF No. 36, pages 5-17.

**SO ORDERED**.

July 31, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE