IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLIE D. HAWKINS, § | |
| § | |
| Plaintiff-Counterdefendant, § | |
| § | |
| VS. § | |
| § | |
| WELLS FARGO BANK, N.A., § | Civil Action No. 3:25-CV-0201-D |
| § | |
| Defendant-Counterplaintiff- § | |
| Third-Party Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| CINDY JO HAWKINS, § | |
| § | |
| Third-Party Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Following the dismissal of *pro se* plaintiff-counterdefendant Charlie D. Hawkins' ("Hawkins'") claims in this removed action arising from the attempted foreclosure of a residential property, Hawkins moves to vacate judgment on the grounds of fraud upon the court, and defendant-counterplaintiff-third-party plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") moves for summary judgment. For the following reasons, the court denies Hawkins' motion and grants Wells Fargo's motion. The court vacates the February 17, 2026 trial setting and directs that Wells Fargo submit a form of final judgment for the court's consideration and entry.

I

In March 1993 Hawkins and his then-wife, third-party defendant Cindy Jo Hawkins ("Cindy Jo"), purchased real property located in Rowlett, Texas (the "Property").[1] On February 10, 2006 Hawkins and Cindy Jo refinanced the Property, obtaining a home equity loan ("Loan") in the amount of $181,532.00. In connection with the Loan, Hawkins and Cindy Jo executed a Texas Home Equity Note ("Note") and Texas Equity Deed of Trust ("Deed of Trust") in favor of World Savings Bank, FSB ("World Savings"). Wells Fargo is the successor-in-interest to the Loan by virtue of a name change and merger.

After Hawkins and Cindy Jo defaulted on the Loan in May 2009, Wells Fargo sought to foreclose. In 2017 Hawkins sued Wells Fargo in state court ("2017 Lawsuit"), alleging that Wells Fargo was barred under the statute of limitations from foreclosing on the Loan. On January 23, 2019 the state court entered a final judgment that allowed the foreclosure to proceed. On April 28, 2022 Hawkins filed another lawsuit in state court ("2022 Lawsuit"), this time alleging, *inter alia*, that the Loan violated the Texas Constitution and should be declared invalid. By order dated December 20, 2023, the state court granted summary judgment on Hawkins' claims and dismissed the 2022 Lawsuit with prejudice.

The instant lawsuit followed. In his amended complaint, Hawkins again seeks to

---

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Hawkins and Cindy Jo as the summary judgment nonmovants and draws all reasonable inferences in their favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, L.L.C.*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

prevent Wells Fargo's non-judicial foreclosure sale, alleging, *inter alia*, that the Deed of Trust is void and that Wells Fargo lacks authority to collect on the Note. Wells Fargo asserts counterclaims against Hawkins and third-party claims against Cindy Jo for judicial foreclosure, trespass to try title, and a declaration that it is authorized to enforce the Deed of Trust and proceed with foreclosure of the Property in light of the uncured default.

On May 21, 2025 the court, in pertinent part, granted Wells Fargo's motion to dismiss Hawkins' claims on the basis of res judicata. *Hawkins v. Wells Fargo Bank, N.A.* (*Hawkins I*), 2025 WL 1457189, at *3 (N.D. Tex. May 21, 2025) (Fitzwater, J.). Hawkins filed a motion for reconsideration, which the court denied. *Hawkins v. Wells Fargo Bank, N.A.* (*Hawkins II*), 2025 WL 2174513, at *3 (N.D. Tex. July 31, 2025) (Fitzwater, J.). On September 24, 2025 Hawkins filed a motion entitled, "motion to vacate judgment: on the grounds of fraud upon the court." Wells Fargo opposes the motion and separately moves for summary judgment on its counterclaims against Hawkins and third-party claims against Cindy Jo—i.e., the only claims remaining in this lawsuit.[2] The court is deciding the motions on the briefs, without oral argument.

## II

The court begins by addressing Hawkins' motion to vacate judgment.

## A

It is unclear from Hawkins' motion which "judgment" he is seeking to vacate. To the

---

[2]Hawkins filed a response in opposition to Wells Fargo's motion on November 7, 2025. Cindy Jo has not responded to the motion.

extent that Hawkins is seeking to vacate a prior order of *this court* under Fed. R. Civ. P. 60(b), the motion is denied.

Under Rule 60(b), a district court may grant relief from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam).

In support of his motion, Hawkins contends that Wells Fargo and its attorneys engaged in unlawful conduct in relation to Hawkins' Loan application, which he maintains "contained forged information," P. Br. (ECF No. 47) at 2, and violated various procedural requirements in connection with the foreclosure proceedings and the 2017 Lawsuit. But he does not contend that Wells Fargo engaged in fraud, misrepresentation, or other misconduct before *this* court or identify any ground that would justify relief under Rule 60(b). As the

- 4 -

court has already explained,

> "the 2024 Lawsuit is based on the same claims as were raised or could have been raised in the 2022 Lawsuit," that "Hawkins could have asserted in the 2022 Lawsuit all of the claims that he now brings in the instant, 2024 Lawsuit," and that "Hawkins' claims in the present case are barred by res judicata." *Hawkins I*, 2025 WL 1457189, at *3. Hawkins has not provided the court with any reason to reconsider its decision in *Hawkins I*.

*Hawkins II*, 2025 WL 2174513, at *3. Nor has Hawkins provided the court with any reason to reconsider its decision in *Hawkins II*.

B

To the extent that Hawkins is attempting by his motion to vacate the state-court judgment entered in either the 2017 Lawsuit or the 2022 Lawsuit, this court lacks jurisdiction to grant the relief Hawkins seeks.

Under the *Rooker-Feldman* doctrine, it is clearly established that a district court lacks jurisdiction to modify or reverse a state-court judgment. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine prohibits federal subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") "Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (internal quotation marks and citation omitted)). Accordingly, to the extent that Hawkins,

the "state-court loser," is asking this court to review and reject the judgments entered in the 2017 Lawsuit or the 2022 Lawsuit, this court lacks jurisdiction to do so. *Exxon Mobil Corp.*, 544 U.S. at 284.[3] Moreover, even if the court did *not* lack jurisdiction under the *Rooker-Feldman* doctrine,[4] the court has already dismissed all of Hawkins' affirmative claims on res judicata grounds. He cannot, through a motion to vacate, recover damages related to dismissed claims or claims that have not been pleaded. *See* P. Br. (ECF No. 47) at 8 (requesting, *inter alia*, a judgment "against Wells Fargo for actual damages, including mental anguish and statutory penalties").

Accordingly, Hawkins' motion to vacate judgment is denied.

III

The court now turns to Wells Fargo's motion for summary judgment.

A

When, as here, the summary judgment movant will have the burden of proof on a claim, the movant "must establish 'beyond peradventure all of the essential elements of the

---

[3]Hawkins also cannot collaterally attack either of the state-court judgments through a motion under Rule 60(b). *See, e.g.*, *Ayati-Ghaffari v. JP Morgan Chase Bank, N.A.*, 2019 WL 1294180, at *2 (E.D. Tex. Feb. 8, 2019) ("This Court lacks jurisdiction and may not consider a motion for reconsideration under Rule 60 challenging the validity of a state court judgment."), *rec. adopted*, 2019 WL 1275337 (E.D. Tex. Mar. 20, 2019); *Bruning v. Nationstar Mortgage, L.L.C.*, 2018 WL 1135417, at *4 (N.D. Tex. Feb. 8, 2018) (Toliver, J.) ("[T]he Court cannot review the 2012 state court judgment under the guise of a Rule 60(b) motion"), *rec. adopted*, 2018 WL 1083621 (N.D. Tex. Feb. 28, 2018) (Lynn, C.J.).

[4]The *Rooker-Feldman* doctrine does not bar claims for monetary relief that are independent of the state-court judgment. *See, e.g.*, *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 385 (5th Cir. 2022).

claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that the movant is entitled to judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

B

Wells Fargo moves for summary judgment on its counterclaim/third-party claim for judicial foreclosure. Cindy Jo has not responded to Wells Fargo's motion. Although her failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g.*, *Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his or] her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

C

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 5(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notice of default and acceleration." *NewRez LLC v. Jones*, 2025 WL 2174508, at *2 (N.D. Tex. July 31, 2025) (Fitzwater, J.) (quoting *PennyMac Loan Servs., LLC v. Beall*, 2024 WL 5256503, at *3 (N.D. Tex. Dec. 17, 2024) (Toliver, J.), *rec. adopted*, 2025 WL 72105 (N.D. Tex. Jan. 10, 2025) (Boyle, J.)). Wells Fargo has introduced undisputed summary judgment evidence that establishes each of these elements beyond peradventure.

Wells Fargo has also produced undisputed evidence that Cindy Jo is a borrower on the Loan, and, together with Hawkins, is a signer on the Deed of Trust; that the Deed of Trust provides for foreclosure in the event of default; that Wells Fargo is a proper party to foreclose because it holds the mortgage lien; that the Note, by its terms, has a "Maturity Date" of March 1, 2021; that the Note's "Maturity Date" has passed and, as a result, the Loan has matured without the need for notice of default or acceleration, making all amounts due on the Note; that Hawkins and Cindy Jo have not paid all amounts due and owed under the Note; and that, as of November 26, 2025, the amount outstanding is $519,331.52.

Hawkins responds with several arguments relating to alleged defects in the Loan documents and Wells Fargo's failure to comply with certain procedural requirements in

connection with the state-court foreclosure proceedings and subsequent lawsuits. But he does not cite any evidence in the summary judgment record that would refute the clear and objective evidence establishing Wells Fargo's right to foreclose. Moreover, the court has already addressed and rejected similar arguments in *Hawkins I* on the ground that they are foreclosed under the doctrine of res judicata. *See Hawkins I*, 2025 WL 1457189, at *3.

Based on Wells Fargo's undisputed evidence, the court concludes that Wells Fargo has demonstrated beyond peradventure that it is entitled to summary judgment on its counterclaim/third-party claim for judicial foreclosure.

IV

Wells Fargo contends that Hawkins is purposely abusing the judicial system to harm and prejudice it by repeatedly filing frivolous lawsuits containing baseless and stale allegations in order to delay foreclosure of the Property. It maintains that a pre-filing injunction is warranted to prevent him from further abusing the legal process, and it requests that the court

> (1) permanently enjoin Hawkins from filing any other suits relating to maters arising out of the Property, the foreclosure sale of the Property, and/or eviction from the Property . . . unless Hawkins retains an attorney licensed in the State of Texas or otherwise authorized to practice in the Northen District of Texas to represent his interests, or, in the alternative (2) issue a pre-filing injunction requiring Hawkins to seek leave of this Court and provide a copy of the proposed complaint, petition or other pleading before filing any future action against Wells Fargo.

D. Br. (ECF No. 53) at 9-10. Wells Fargo also requests that, in order to fully protect Wells Fargo, the court enjoin Hawkins from filing both state and federal lawsuits. The court denies

without prejudice Wells Fargo's request for a pre-filing injunction.

In *Hawkins I* the court noted that this is "at least the third lawsuit that Hawkins has filed against Wells Fargo in an attempt to forestall foreclosure on the Loan," and that "in granting summary judgment in the 2022 Lawsuit, the Texas court already put Hawkins on notice that the doctrine of res judicata barred his claims related to the Loan." *Hawkins I*, 2025 WL 1457189, at *3 n.8. The court warned Hawkins that "filing further litigation against Wells Fargo relating to matters arising out of the Property, the foreclosure sale of the Property, and/or eviction from the Property may subject him to sanctions." *Id.* at *3. Wells Fargo has not demonstrated why this warning is insufficient to prevent Hawkins from filing future litigation against Wells Fargo related to the Property. Accordingly, while reiterating the warning it issued in *Hawkins I*, the court declines at this time to grant the requested injunctive relief.

V

Wells Fargo seeks a judgment providing for the amount of the debt and "(i) providing for the judicial foreclosure of such lien encumbering the Property; and (ii) providing an order of sale issued to any U.S. Marshal, sheriff, or constable within the State of Texas, directing him to seize and sell the Property as under execution, in satisfaction of the judgment." D. Br. (ECF No. 53) at 9. It also requests that the court issue a writ of possession against Hawkins, Cindy Jo, and all persons claiming an interest in the Property under them, and it requests that an order be issued directing the U.S. Marshal, sheriff, or constable executing the order of sale to place the purchaser of the Property at the foreclosure sale in possession

of the Property within 30 days after sale.

The court directs that, within 14 days of the date this memorandum opinion and order is filed, Wells Fargo submit via Fitzwater_Orders@txnd.uscourts.gov, in Word or WordPerfect format, a form of judgment for court review and entry that includes all the relief to which Wells Fargo maintains it is entitled under the court's rulings in this case.

The court vacates the February 17, 2026 trial setting.

\* \* \*

Accordingly, for the reasons explained, the court denies Hawkins' motion to vacate judgment, grants Wells Fargo's motion for summary judgment, and directs the entry of judgment in favor of Wells Fargo.

**SO ORDERED**.

January 12, 2026.

                                                        _____
                                                        SIDNEY A. FITZWATER
                                                        SENIOR JUDGE